UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEYAD ALKARAWI,<br><br>                Plaintiff,<br><br>v.<br><br>JONATHAN FOLEY,<br><br>                Defendant. | Case No. 1:20-cv-00179-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Zeyad Alkarawi's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

2.     **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.     **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho Maximum Security Institution ("IMSI"). Plaintiff alleges that, on January 8, 2020, he submitted a concern form addressed to Defendant Sergeant Foley, stating that Plaintiff "need[ed] to move" because another inmate was going to be moved into the same unit or area—an inmate with whom Plaintiff had had problems previously. *Compl.*, Dkt. 2, at 1. Plaintiff states that Foley did nothing, even though the concern form stated that the other inmate had fought Plaintiff before. On January 16, 2020, the two inmates fought. Plaintiff suffered a broken hand and an injury to his face. *Id*.

Plaintiff offers no other factual allegations in the Complaint, but the grievance forms attached to the Complaint shed additional light on Plaintiff's claim. Plaintiff evidently submitted a concern form on January 4, 2020, requesting to be housed at the Idaho State Correctional Center ("ISCC"). Defendant Foley had explained in his response to that concern form that any such request had to be submitted to "the facility coordinator." *Att. to Compl.*, Dkt. 3.1 at 1.

Plaintiff then filed a grievance—which appears to relate to the January 4 concern form, rather than the January 8, concern form—on January 23, 2020, after the fight between Plaintiff and the other inmate. *Id*. In the grievance, Plaintiff asserted that he had told Foley about the danger he was in because of the other inmate but that Foley did nothing.

Defendant Foley responded to the grievance, stating that Plaintiff had not, in fact, informed him about any potential problems with the "Offender that [he] had issues with years ago" until nine days after the fight occurred. *Id*. Foley then stated, "Sir your safety is paramount, please in the future, if any issues arise in any IDOC facilities that you are housed, please seek out any IDOC staff immediately for assistance concerning your safety." *Id*. The reviewing authority agreed with Foley and told Plaintiff, "You need to inform security staff of matters that threaten your wellbeing. We would have no way of knowing whom you have had issues with from county. I understand that you would like to be rehoused at ISCC but your continued distortions of facts will not help in your quest." *Id*. at 2.

Plaintiff asserts that Defendant Foley violated the Eighth Amendment to the United States Constitution. Plaintiff seeks surgery to fix his hand. *Compl.* at 2.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

4.  **Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A.   *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there

exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09. A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

The Eighth Amendment protects prisoners against cruel and unusual punishment. Although prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, prisoners must show that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation

marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833

F.3d 1060 (9th Cir. 2016).

It is unclear whether Plaintiff is asserting a claim of inadequate medical treatment with respect to the care he has received for his broken hand, though he has not named any medical provider as a defendant. The Eighth Amendment includes the right to adequate medical and mental health treatment, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once

prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical treatment does not violate the Eighth Amendment unless that delay causes further harm, *McGuckin*, 974 F.2d at 1060. Additionally, there is no constitutional right to an outside medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

Differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers—or, for that matter, between medical providers— are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must plausibly allege that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff's allegation that he told Foley in a concern form that Plaintiff "need[ed] to move" because another inmate was coming in, and that the two inmates had previously fought, does not give rise to a plausible inference that Defendant Foley subjectively perceived a substantial risk of serious harm to Plaintiff and, yet, deliberately disregarded that risk. Considering the allegations in the Complaint together with the grievance responses attached to that Complaint, it appears that Plaintiff mentioned a potential problem with the other inmate in the January 8 concern form, rather than the January 4 concern form, but that for some reason Defendant Foley did not receive or review that second concern form. There is nothing in the Complaint or the attached documents to suggest otherwise. The "obvious alternative explanation" is that Foley was not subjectively aware that moving the other inmate would place Plaintiff at a substantial risk of serious harm and, therefore, did not violate the Eighth Amendment. *Iqbal*, 556 U.S. at 682.

For these reasons, the Complaint does not state a plausible § 1983 claim.

### B.   *State Law Claims*

In addition to § 1983 claims, Plaintiff purports to assert state law claims. *Compl.* at 1. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended

complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

## 5. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally

suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable

to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 3, 2020

_____
David C. Nye
Chief U.S. District Court Judge